FILED

2026 JAN -9 AM 11: 43

Monica King
CIRCUIT CLERK
JOHNSON COUNTY, AR

IN THE CIRCUIT COURT OF JOHNSON COUNTY, ARKANSAS
CIVIL DIVISION 4

WANDA BEARD                                                    PLAINTIFF

VS.                         CASE NO. 36CV-26-7

NEW PRIME, INC., d/b/a PRIME INC.,
EVERETT KEITH TRANTHAM, JOHN DOES 1-3
and JOHN DOE ENTITIES 1-3                                      DEFENDANTS

PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Wanda Beard, by and through her attorneys,
RAINWATER, HOLT & SEXTON, P.A., and for Complaint against the Defendants, state and
allege the following:

I.     INTRODUCTION

1.     This is a case of ordinary negligence, negligent hiring, negligent training,
negligent operation, negligent supervision, negligent retention, and recklessness that arises
from the Defendants' negligent and reckless conduct.

II.     RESIDENCY AND PARTIES

2.     Plaintiff Wanda Beard (hereinafter "Beard") is and was at all times relevant, a
resident of Wichita, Sedgwick County, Kansas.

3.     Defendant Everette Keith Trantham (hereinafter "Trantham") is and was at all
times relevant, a resident of Alton, Oregon County, Missouri.

4.     Upon Plaintiff' information and belief, Separate Defendant New Prime, Inc.,
(hereinafter "New Prime"), DOT #3706 MC #140665, d/b/a Prime Inc. is a domestic for-profit

Corporation headquartered in the state of Missouri principal place of business at 2740 North Mayfair, Springfield, Missouri 65803, and is the owner and/or lessor of the 2023 tractor and/or trailer involved in the February 5, 2024, incident that forms the basis of this Complaint.

5. Upon Plaintiff' information and belief, Separate Defendant New Prime is conducting business pursuant to the law of the state of Missouri. According to the Arkansas Secretary of State, Separate Defendant New Prime, Inc. has designated Incorp Services, Inc., as its registered agent of service in Arkansas at the address of 4250 Venetian Lane, Fayetteville, Arkansas 72703. Pursuant to 49 C.F.R. §390.5, as adopted statewide by Rule 17.1 "General Safety Requirements" of the Arkansas State Highway Commission pursuant to their authority via the Arkansas Constitution and the codified statutes of the State of Arkansas, Defendant New Prime was a statutory employer of Defendant Trantham at the time of the crash at issue.

6. Pursuant to 49 C.F.R. §390.5, as adopted statewide by Rule 17.1 "General Safety Requirements" of the Arkansas State Highway Commission pursuant to their authority via the Arkansas Constitution and the codified statutes of the State of Arkansas, Defendant New Prime was a statutory employer of Defendant John Does 1-3 at the time of the crash at issue.

7. Upon Plaintiff's information and belief, Separate Defendant New Prime is licensed as an Interstate Motor Carrier by the Federal Motor Safety Carrier SAFER report with MC #14665 and DOT No. 3706.

8. Defendant Everett Keith Trantham (hereinafter "Trantham") is believed to be the driver of the 2023 Peterbilt tractor and trailer owned by Separate Defendant New Prime involved in the incident which injured Plaintiff and is subject to this litigation.

9. At the time of the incident giving rise to this action, Separate Defendant Trantham was acting within the scope of his agency and/or employment and under the control

of Separate Defendants New Prime, to transport various loads of commerce subject to separate carrier agreements, broker agreements and/or lease agreements while driving.

10.    As a result of the relationship between Separate Defendants Trantham and New Prime all alleged acts, omissions, negligence, and recklessness of Separate Defendant Trantham set forth in this Complaint are imputed to Separate Defendant New Prime under the doctrine of *respondeat superior*.

11.    Pursuant to Ark. Code Ann §16-56-125, any person, for the purpose of tolling the statute of limitations, may file a Complaint stating his or her cause of action in the appropriate court of this State, whenever the identity of the tortfeasor is unknown.

12.    In the alternative, the name or names of the unknown tortfeasor(s), individual person(s), or entity(ties), shall be designated by the pseudo-name John Doe. Thus, in this case, John Does 1 and John Doe Entities 1-2, in the alternative, is and/or are the official name(s) of any individual person defendant and/or entity with which any individual person Defendant may be associated of which may have been engaged in or exercising control over the shipment being transported in this case.

13.    Upon determining the identity of the unknown tortfeasor(s), Plaintiff will amend this Complaint by substituting the real name(s) for the pseudo-name.

14.    The Plaintiff has attached hereto the Affidavit of Plaintiff's counsel that the identity of the tortfeasor(s) is presently unknown pursuant to Ark. Code Ann. § 16-56-125. **See attached Affidavit as Exhibit A.**

15.    The incident giving rise to this cause of action occurred on Interstate 40 westbound near mile marker 60 in Rural Johnson County, Arkansas.

### III.    JURISDICTION AND VENUE

16.    This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

17.    Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### IV.    BASIC PREMISE

18.    This is a negligence case which arises from a motor vehicle collision that occurred on or about February 5, 2024, on Interstate 40 westbound near mile marker 60 in Rural Johnson County, Arkansas.

### V.    FACTS

19.    Plaintiff re-alleges those matters as set forth in paragraphs 1-18 above, as if set forth fully herein.

20.    Separate Defendant New Prime owns and/or leases and/or operates what is believed to be the 2023 Peterbilt Tractor on the roadways of the United States, including, but not limited to interstate, state and local roadways in Johnson County, Arkansas.

21.    Separate Defendant New Prime is employer for Separate Defendant Trantham, controlled training for Separate Defendant Trantham on safety and driving standards, its internal safety and driving standards, state law and rules of the road.

22.    Separate Defendant Trantham was an agent and/or employee of Separate Defendant New Prime and worked for Separate Defendant New Prime in the capacity as an

over-the road truck driver.

23.    Separate Defendant Trantham was contracted to drive and/or operate trailer loads by Separate Defendant New Prime.

24.    Separate Defendant New Prime owns and/or leases and/or operates the 2023 Peterbilt on the roadways of the United States, including, but not limited to State Highways such as Interstate 40 in Johnson County, Arkansas.

25.    Separate Defendant New Prime as employer for Separate Defendant Trantham, controlled training for Separate Defendant Trantham on safety and driving standards, the Federal Motor Carrier Act Safety Regulations, its internal safety and driving standards, state law and rules of the road.

26.    On or about February 5, 2024, at approximately 4:20 p.m., Separate Defendant Trantham was traveling west on Interstate 40 in Johnson County in the right outside lane approaching mile marker 60. It was daylight, the roadway was dry and level.

27.    At the same time, Beard was traveling west on Interstate 40 in Johson County in the left inside line approaching mile marker 60.

28.    Plaintiff was driving a 2008 Cadillac Escalade.

29.    Defendant Trantham attempted to change lanes into the left inside lane.

30.    Defendant Trantham drove his 2023 Peterbilt into the right side of Plaintiff's Cadillac.

31.    Defendant Trantham failed to yield to the Plaintiff, causing his vehicle to collide with the 2008 Cadillac driven by Plaintiff, causing serious injury to Plaintiff and to her vehicle.

32.    Defendant Trantham was inattentive, careless, negligent, or erratic in operation of the 2005 Peterbilt tractor trailer which collided with Plaintiff.

33.    But for the inattentive, careless, negligent, and erratic operation of the vehicles by Separate Defendant Trantham and Separate Defendant New Prime, the Peterbilt tractor trailer would have never collided with Plaintiff's vehicle.

34.    Plaintiff was treated in the Emergency Department at Johnson Regional Medical Center, Pine Bluff, Arkansas, for injuries to her wrist, shoulder, and neck.

## VI.    CAUSE OF ACTION NO. 1:
## NEGLIGENCE OF TRANTHAM AND NEW PRIME

35.    All the allegations previously pled herein and re-alleged as though stated word for-word.

36.    Separate Defendant Trantham was negligent in the following particulars:

(a)    Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)    Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code. Ann . § 27-51-104(a), (b)(6) & (b)(8);

(c)    Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1):

(d)    Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)    Failing to keep a lookout for other vehicles, in violation of the common

law of Arkansas;

(g)     Failing to keep his vehicle under control, in violation of the common law of Arkansas:

(h)     Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i)     Unsafe and improper lane change; and

(j)     Otherwise failing to exercise ordinary care under the circumstances.

37.    In addition, Separate Defendant Trantham was negligent for the following independent acts and/or omissions:

(a)     Failing to obtain adequate education, direction and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor he was driving;

(b)     Operating a commercial motor vehicle without the required knowledge to do so safely;

(c)     Operating a commercial motor vehicle without the required skills to do so safely;

(d)     Failing to properly learn how to look out for traffic on the interstate at any time while attempting to change lanes prior to the collision.

(e)     Traveling too fast for the conditions while attempting to change lanes; and,

(f)     Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency.

38.   A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other persons traveling on public highways and interstates.

39.   Separate Defendants Trantham, and Defendant New Prime failed to have in place and/or failed to follow adequate and proper policies and procedures for the care and safety of the commuting public.

40.   Separate Defendants Trantham and New Prime failed to have in place and/or failed to follow adequate and/or proper policies and procedures in accordance with accepted industry standards ordinarily used by companies in the same or similar business.

41.   The Arkansas Supreme Court has recognized that an employer may be held liable for the conduct of a careless, reckless, and/or incompetent employee and/or independent contractor when the employer was negligent in hiring the employee and/or contractor. The employer may also be liable in the care of hiring an employee and/or independent contractor when the employer has undertaken to perform certain duties and/or activities and negligently fails them thereafter or performs them in a negligent manner. *Stoltze v. Arkansas Valley Elec. Co-op Corp*, 354 Ark. 601, 607, 127 S.W.2d 466, 470 (2003).

42.   Separate Defendant New Prime had a duty to reasonably investigate, monitor, retain, supervise and train Separate Defendant Trantham with respect to safety issues and the proper speed and operation of their tractors.

43.   As the direct, foreseeable, legal, and proximate result of the negligence of Separate Defendant Trantham, Plaintiff suffered serious and severe bodily injuries.

## VII:  CAUSE OF ACTION NO. 2:
## NEGLIGENCE OF SEPARATE DEFENDANTS NEW PRIME

44. All of the allegations previously pled herein are re-alleged as though stated word for-word.

45. Separate Defendant New Prime was negligent in the following particulars:

    (a) Failing to have adequate policies and procedures regarding its drivers' driving and the proper method of lookout for other motorists on the highway while attempting to pass other vehicles and/or changes lanes;

    (b) Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding driving in traffic and the proper speed and distance to maintain from the vehicle in front of or beside it;

    (c) Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices for passing other vehicles or changing lanes;

    (d) Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

    (e) Otherwise failing to exercise ordinary care under the circumstances.

46. In addition, Separate Defendants New Prime failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

    (a) That Separate Defendants New Prime failed to properly train, monitor, and supervise Separate Defendant Trantham in the safe operation of the tractor when approaching, changing lanes, or passing other vehicles on

the roadway;

(b)    That Separate Defendants New Prime failed to properly train, monitor, and supervise Separate Defendant Trantham about distracted driving, keeping a proper lookout for other cars while attempting to pass or change lanes;

(c)    That Separate Defendants New Prime failed to properly train, monitor, and supervise Separate Defendant Trantham about the duties imposed upon him by the FMSCA and as a holder of a CDL;

(d)    That Separate Defendants New Prime knew or should have known that Separate Defendant Trantham was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor trailer he was employed to drive; and

(e)    That Separate Defendants New Prime misjudged and/or overestimated the skills and ability of Separate Defendant Trantham to drive the tractor-trailer.

47.    That Separate Defendants New Prime had a duty to have adequate policies and procedures in place to ensure that its employees, agents and/or contractors it allowed to drive its vehicles and handle, transport said loads were competent, safe, and adequately trained, and qualified specifically regarding keeping a proper lookout and safely passing other vehicles and/or changing lanes.

48.    Separate Defendants New Prime's negligence in hiring an unqualified and/or incompetent driver and/or leasing its tractor and trailer to an unqualified and/or incompetent driver, was the proximate cause of the injuries sustained by Plaintiff.

## PROXIMATE CAUSATION

49.     All of the allegations previously pled herein are re-alleged as though stated word for-word.

50.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages suffered by Plaintiff.

## XIII.    INJURIES AND COMPENSATORY DAMAGES

51.     All of the allegations previously pled herein are re-alleged as though stated word for-word.

52.     Plaintiff sustained personal injuries and damages as a result of the collision.

53.     Plaintiff is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of her injuries;

(b)     the full extent of the injuries she sustained;

(c)     the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)     the inability to participate in and/or enjoy his/her livelihood, hobbies, and recreational activities in the past and reasonably certain to be unable to participate in and/or enjoy in the future;

(g)    the visible results of her injuries; and

(h)    any property damages she sustained.

54.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XIV.    DEMAND FOR JURY TRIAL

55.    Plaintiff hereby demand a jury trial.

## XV.    DEMAND & PRAYER

WHEREFORE, Plaintiff Beard demands judgment against Defendants New Prime and Defendant Trantham, for the damages which were proximately caused by the actions and conduct of the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate the Plaintiff for damages, for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for the attorney's fees and costs; and any other just and proper relief to which this Court deems Plaintiff to be entitled.

Respectfully submitted,

By: _____
Keith McPherson (AR 91194)
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222
(501) 868-2500
(501) 868-2505 Fax
kmchpherson@rainfirm.com
Attorney for Plaintiff